UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARY A. BOLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-CV-117 SNLJ |
| | ) | |
| DOLGENCORP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On August 15, 2013, this Court ordered defendant Doglencorp, LLC, to "file an amended removal petition which shall allege facts establishing the citizenship of each of the defendant LLC's members" by September 5, 2013 (#4). The Court so ordered because "in every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). In defendant Dolgencorp, LLC's removal petition, it addressed its citizenship like that of a corporation, which is a citizen of its state of organization and its principal place of business.[1] *See* 28 U.S.C. §§ 1332(a), (c)(1); *Sanders v. Clemco Indus.*, 823 F.2d 214, 215 n.1 (8th Cir. 1987). However, as explained in the Court's August 15 Order, the Eighth Circuit has held that unincorporated entities such as LLCs are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, the Court ordered defendant to file an amended petition for removal so that it could

---

[1] The Disclosure of Corporate Interests certificate (#1-5) explains that Dolgencorp, LLC is based in Tennessee and operates as a subsidiary of Dollar General Corporation, but that information is not sufficient from which to determine the citizenship of each of Dolgencorp, LLC's members.

examine the citizenship of each member of the defendant LLC to determine whether diversity jurisdiction exists.

Defendant Dolgencorp, LLC filed its Amended Petition for Removal on August 29, 2013 (#9). The Amended Petition repeats that Dolgencorp, LLC is a Kentucky limited liability company with its principal place of business in Tennessee. The defendant then goes on to explain why the amount in controversy requirement set forth in 28 U.S.C. § 1332 is met in this case.

Again, it is the defendant's burden in this case to establish subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d at 183. Although the Court's August 15 Order stated that "if defendant does not timely and fully comply with this order, this matter will be remanded for lack of subject matter jurisdiction," the Court will grant defendant seven days to file a second amended petition which alleges facts showing the existence of the requisite diversity of citizenship of the parties. If defendant fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by September 16, 2013, defendant shall file an amended removal petition which shall allege facts establishing the citizenship of each of the defendant LLC's members.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case remain **STAYED** pending further order of this Court.

Dated this __9th__ day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE